**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DANIEL PAUL STARR,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 04-CV-0787-CVE-PJC |
| ) | |
| **RON WARD, Director Oklahoma** ) | |
| **Department of Corrections,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner, a state inmate appearing *pro se*, filed his original petition (Dkt. # 1) on October 12, 2004. In his original petition, Petitioner identifies three (3) claims all grouped within one (1) proposition of error. On August 24, 2005, Petitioner filed an amended petition (Dkt. # 12). In his amended petition, Petitioner restates the three (3) claims asserted in the original petition and adds eight (8) more grounds. Respondent filed a response (Dkt. # 17) to the amended petition. Petitioner filed a reply (Dkt. # 18) to Respondent's response. Petitioner has also filed a "motion for return of property" (Dkt. # 20) and a "motion to hear motions filed in state court" (Dkt. # 26). For the reasons discussed below, the Court finds that Petitioner's motions for return of property and to hear state court motions are improperly asserted in the habeas corpus proceeding. For that reason, those motions shall be denied. In addition, because the claims asserted in the amended petition are either procedurally barred or barred by the statute of limitations, the petition, as amended, shall be denied.

## *PRELIMINARY CONSIDERATIONS*

In his "motion to compel Warden Sam Calbone to hand over all property" (Dkt. # 20), Petitioner requests this Court to investigate and assist in recovering certain property he alleges was wrongfully seized on December 5, 2005, upon his transfer to a restricted housing unit. The Court finds that claims relating to Petitioner's dispute over personal property allegedly seized from Petitioner by Department of Corrections personnel are not cognizable in this habeas action. For that reason, his motion shall be denied.

Petitioner has filed a separate motion requesting this Court "to take over the State Case # CF-2001-963, and rule on all motion filed pro se and petition's, and letter's that the District Court just ignored." See Dkt. # 26. The Court finds the principle of comity prohibits this Court from "taking over" a state court action. The only matters under consideration by this Court are the issues properly raised in this federal habeas corpus action. Petitioner's request for this Court to issue a ruling on motions filed in his state criminal case shall be denied.

## *BACKGROUND*

In Tulsa County District Court, Case No. CF-2001-963, Petitioner Daniel Paul Starr was tried and convicted by a jury of Rape by Instrumentation (Count 1), First Degree Rape (Count 2), and Unauthorized Use of a Motor Vehicle (Count 3), all After Former Conviction of Two or More Felonies. The trial court sentenced Petitioner in accordance with the jury's recommendation to twenty (20) years imprisonment on each count, to be served consecutively. During trial proceedings, Petitioner was represented by attorney David C. Phillips, III.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Petitioner, represented by attorney Thomas Purcell, raised eight (8) propositions of error as follows:

> Proposition 1: The trial court erred when it sent the jury back to deliberate after they returned verdicts of not guilty on count one, not guilty of rape but guilty of the lesser included offense of domestic assault and battery on count two, and guilty of unauthorized use of an automobile on count three.
>
> Proposition 2: Evidence of other crimes deprived Mr. Starr of a fair trial.
>
> Proposition 3: The trial court's refusal to instruct the jury on the lesser included offense of joy riding constitutes reversible error.
>
> Proposition 4: The trial court erred in requiring Mr. Starr's trial counsel to represent Mr. Starr after trial counsel requested he be removed for ethical reasons.
>
> Proposition 5: Appellant's right to due process of law was violated by the trial court's failure to order a professional examination to determine whether Appellant was competent to stand trial.
>
> Proposition 6: The trial court erred in refusing to allow Mr. Starr to appear pro se.
>
> Proposition 7: The trial court abused its discretion in running Appellant's sentences consecutively.
>
> Proposition 8: Mr. Starr's sentences must be modified because the State did not prove that he was the same person convicted in Ohio, and because the jury could have found the prior felonies from Oklahoma arose out of the same transaction.

See Dkt. # 17, Ex. B. By order filed April 24, 2003, in Case No. F-2002-462 (Dkt. # 17, Ex. A), the OCCA rejected Petitioner's claims and affirmed the Judgments and Sentences of the trial court.

On July 6, 2004, Petitioner filed an application for post-conviction relief. See Dkt. # 17, Ex. D. He identified the following grounds of error:

> 1. Petitioner was denied effective assistance of counsel because appellate counsel failed to advance all reasons as to why trial counsel was ineffective.

3

    2.       The Petitioner's acquittal for the crime of rape and then conviction constituted double jeopardy.

    3.       Evidence of other crimes deprived the Petitioner of a fair trial.

    4.       The Petitioner's right to Due Process of Law was violated by the trial court's failure to order a professional examination to determine whether the Petitioner was competent to stand trial.

See Dkt. # 17, Ex. D. By order filed August 13, 2004 (Dkt. # 17, Ex. E), the state district court denied relief. Petitioner did not commence a post-conviction appeal in the OCCA.

On September 24, 2004, Petitioner filed an "Amended or Supplemental § 1086 Application for Post-Conviction Relief" in the state district court. See Dkt. # 17, Ex. F. He set out twenty-six (26) propositions of error in his application. However, as noted by the state district court in its order denying relief (Dkt. # 17, Ex. G), Petitioner's propositions 1-13 are identical to propositions 14-26. The thirteen (13) grounds specifically identified are:

    1.       Trial court erred when it sent the jury back to deliberate after they returned verdicts of not guilty on count one, not guilty of rape but guilty of the lesser included offense of Domestic A&B on count two and guilty of UUMV.

    2.       Evidence of other crimes deprived Mr. Starr of a fair trial.

    3.       The trial court's refusal to instruct the jury on the lesser included offense of joy riding constitutes reversible error.

    4.       The trial court erred in requiring Mr. Starr's trial counsel to represent Mr. Starr after trial counsel requested he be removed for ethical reasons.

    5.       Appellant's right to due process of law vas violated by the trial court's failure to order a professional examination to determine whether Appellant was competent.

    6.       The trial court erred in refusing to allow Mr. Starr to appear pro se.

    7.       The trial court abused its discretion in running appellant's sentences consecutively.

       8.       Mr. Starr's sentences must be modified because the State did not prove he was the same person convicted in Ohio, and because the jury could have found the prior felonies from Oklahoma arose out of the same transaction.

       9.       Appellant was denied the Right to Confrontation Clause.

      10.      All DNA evidence has been seized from appellant in violation of his Fourth Amendment guarantees against lawful search and seizure.

      11.      The trial judge's conduct was prejudice to Defendant Starr obtaining a fair trial.

      12.      Defense counsel was ineffective.

      13.      DNA testing would exonerate Starr.

See Dkt. # 17, Ex. G. Petitioner also identified additional grounds in attachments to his pleading, including conflict of interest involving attorney Clark ("proposition # 007"); conflict of interest involving attorney Phillips ("proposition # 008"); prosecutorial misconduct ("proposition # 005"); jury misconduct, jury taint ("proposition # 006"); appellate counsel, direct appeal ("proposition # 009"). Dkt. # 17, Ex. F (parts 1 and 2). By order filed October 6, 2004 (Dkt. # 17, Ex. G), the state district court denied post-conviction relief.

      Petitioner attempted to commence a post-conviction appeal in the OCCA. See Dkt. # 17, Ex. H. However, by Order filed December 17, 2004, in No. PC-2004-1201 (Dkt. # 17, Ex. I), the OCCA declined jurisdiction and dismissed the appeal based on Petitioner's failure to attach a copy of the district court order denying his application for post-conviction relief as required by Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*. The OCCA also found that if Petitioner correctly asserted the date of the district court's order denying post-conviction relief, then the post-conviction appeal was untimely and failed to comply with Rule 5.2(C)(2) (requiring petition-in-error to be filed within thirty (30) days of the date of the final order of the district court). Dkt. # 17, Ex. I.

As indicated above, Petitioner filed his original federal habeas corpus petition on October 12, 2004, asserting three (3) claims within one (1) proposition of error. See Dkt. # 1. He filed his amended petition (Dkt. # 12) and supporting exhibits (Dkt. # 13) on August 24, 2005. In response to Petitioner's amended petition, Respondent argues that the proposition of error asserted by Petitioner in his original petition is procedurally barred. See Dkt. # 17. Respondent also argues that the remaining claims asserted in the amended petition are time barred. See id.

*ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner attempted to present the substance of his claims identified in the original petition to the OCCA in the appeal from the denial of his "amended or supplemental application for post-conviction relief." However, Petitioner procedurally defaulted the claims when he failed to comply with state procedural rules. Additional claims identified in the amended petition were raised on direct appeal. The Court finds the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Statute of Limitations**

Consideration of the claims raised in Petitioner's amended petition is governed by Fed. R. Civ. P. 15(c) (providing conditions determining whether an amended pleading relates back to the date of the original pleading). See Mayle v. Felix, 125 S.Ct. 2562 (2005); United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000). In his original petition (Dkt. # 1), Petitioner states as one (1)

claim that he received ineffective assistance of appellate counsel when his appellate attorney failed to follow his request to assert claims of ineffective assistance of trial counsel, prosecutorial misconduct (withholding evidence), and juror misconduct. He attached a supporting brief to his petition, but failed to provide any statement of facts describing his claims.

In his amended petition (Dkt. # 12), Petitioner raises the same claim of ineffective assistance of appellate counsel (grounds 1 and 10), prosecutorial misconduct (ground 11), and juror misconduct (ground 12), and adds the following additional claims: trial court erred when it sent the jury back for further deliberations (ground 2), improper admission of other crimes evidence (ground 3), trial court failed to instruct on lesser included offense of joy riding (ground 4), trial court erred in refusing to allow trial counsel to withdraw (ground 5), trial court failed to order competency examination (ground 6), trial court erred in refusing to allow Petitioner to proceed *pro se* (ground 7), trial court abused its discretion in ordering Petitioner's sentences to run consecutively (ground 8), sentences were improperly enhanced (ground 9).[1] None of the additional claims is tied to a "common core of operative facts" applicable to the claims raised in the original petition, i.e., ineffective assistance of appellate counsel, prosecutorial misconduct, and juror misconduct. Under Rule 15(c)(2), new claims do not relate back to the original petition if they assert a new ground for relief supported by facts that differ in both time and type from those claims included in the original petition. See Mayle, 125 S.Ct. at 2566. The Court finds that grounds 2-9 asserted in the amended petition are entirely new claims and do not relate back to the original petition. See id. at 2574 (holding that amended habeas claims only relate back to "timely" habeas claims when such claims

---

[1] The numbering of Petitioner's claims used in the remainder of this opinion corresponds to the numbering used by Petitioner in the amended petition found attached to the Court's preprinted form partially completed by Petitioner and docketed as docket entry number 12.

are tied to a common core of operative facts and rejecting argument that common core of operative facts could be interpreted to include all facts arising out of a petitioner's trial, conviction, or sentence); Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001) (citing Espinoza-Saenz, 235 F.3d at 505, for proposition that "an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if* the original motion was timely filed and *the proposed amendment does not seek to add a new claim or to insert a new theory into the case*").

In failing to include all of his claims in his original petition, Petitioner overlooked the ramifications of the one-year statute of limitations imposed on habeas corpus claims. See 28 U.S.C. § 2244(d) (as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA")). Pursuant to 28 U.S.C. § 2244(d)(1)(A), a habeas corpus petition must be filed within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In this case, Petitioner timely filed his original petition.[2]

---

[2]The OCCA entered its summary opinion affirming Petitioner's convictions on April 24, 2003. Nothing in the record suggests Petitioner sought *certiorari* review in the United States Supreme Court. Therefore, Petitioner's convictions became final on July 23, 2003, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Petitioner had one (1) year from that date, or until July 23, 2004, to file a timely petition for writ of habeas corpus. On July 6, 2004, or seventeen (17) days before the deadline, Petitioner filed his first application for post-conviction relief. Pursuant to § 2244(d)(2), the limitations clock stopped running on that date. The state district court denied relief on August 13, 2004. Since Petitioner did not file a post-conviction appeal, the clock began to run again on September 12, 2004. See Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) (holding that the limitations period is tolled for the thirty days during which a petitioner could have filed a timely appeal of the state court's denial of an application for post-conviction relief). Petitioner's new federal habeas deadline became September 29, 2004. However, on September 24, 2004, or with five (5) days remaining, Petitioner filed his "amended supplemental post-conviction." The limitations period again stopped running while the state courts considered

However, his amended petition was filed approximately ten (10) months after filing the original petition, or more than nine (9) months after expiration of the one-year limitations period. Since Petitioner's new claims do not relate back to the date of the original petition, the Court finds that, unless Petitioner is entitled to tolling of the limitations period, to allow the consideration of the new claims asserted in the amended petition would frustrate the intent of Congress in enacting the statute of limitations provisions of the AEDPA.

Nothing in the record suggests a statutory or equitable basis for tolling the limitations period in this case. First, the pendency of the instant federal case does not serve to toll federal limitations period under 28 U.S.C. § 2244(d)(2). <u>Duncan v. Walker</u>, 533 U.S. 167 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2)). Second, although the statute of limitations contained in § 2244(d) may be subject to equitable tolling where extraordinary circumstances beyond the prisoner's control prevent a petitioner from timely filing his petition, see <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998), Petitioner is not entitled to equitable tolling in this case. Equitable tolling may be appropriate where a prisoner is actually innocent but only if the habeas petitioner also demonstrates that he has pursued his federal claims diligently. <u>Id.</u> In this case, Petitioner did not exercise diligence in pursuing the additional claims identified in the amended petition. Although the new claims were raised on direct appeal, Petitioner apparently chose not to include them in his original petition. He

---

Petitioner's "properly filed" post-conviction proceedings. <u>See</u> 28 U.S.C. § 2244(d)(2). On October 6, 2004, the state district court denied relief. Petitioner attempted to commence a post-conviction appeal. However, the OCCA declined jurisdiction and dismissed the appeal under Rule 5.2(C)(2) because Petitioner failed to attach a copy of the state district court's order denying relief. Therefore, the clock began to run again thirty (30) days after entry of the state district court's order, or on November 5, 2004. Petitioner's deadline for filing habeas corpus claims was five (5) days later, or on November 10, 2004. The original petition (Dkt. # 1) was timely filed October 12, 2004.

offers no explanation for his failure to identify all of his claims in the original petition. However, in his reply to the response, Petitioner asserts that he should be allowed to proceed with his amended petition because it was filed before Respondent filed a responsive pleading.[3] See Dkt. # 18. The Court finds Petitioner's argument lacks merit because although the filing of a responsive pleading impacts whether leave of Court is required to file an amended pleading under Fed. R. Civ. P. 15(a), it has no impact on whether the amended pleading relates back to the date of the original pleading under Fed. R. Civ. P. 15(c). Therefore, the Court finds no basis for statutory or equitable tolling of the limitations period in this case. As a result, claims 2-9 as raised in the amended petition are time barred and shall be denied on that basis. The Court will consider only the claims asserted in the original petition.

**C. Procedural bar**

Petitioner identifies three (3) claims imbedded in his single proposition of error in the original petition. He asserts (1) ineffective assistance of appellate counsel, (2) prosecutorial misconduct, and (3) juror misconduct. Those claims are also raised in the amended petition as grounds 1, 10, 11 and 12. Petitioner raised his ineffective assistance of appellate counsel claim in his first application for post-conviction relief. See Dkt. # 17, Ex. D. The state district court denied the claim and Petitioner failed to appeal the denial of relief. It appears that Petitioner first raised his

---

[3]The record reflects that in response to the original petition, Respondent filed a motion to dismiss (Dkt. # 6), seeking dismissal of the petition because Petitioner's post-conviction proceeding was pending in the state courts. By Order filed July 26, 2005 (Dkt. # 11), the Court took notice that after Respondent filed the motion to dismiss, the OCCA entered a ruling in Petitioner's post-conviction proceeding. Therefore, the Court found Respondent's motion to dismiss had been rendered moot. Id. The Court ordered Respondent to file a response or otherwise plead to the petition by August 25, 2005. Id. On August 24, 2005, or the day before Respondent's deadline, Petitioner filed the amended petition (Dkt. # 12).

claims of prosecutorial misconduct and juror misconduct in attachments to his "amended or supplemental § 1086 application for post-conviction relief." See Dkt. # 17, Ex. F, parts 1 and 2. The state district court denied post-conviction relief, and Petitioner's attempted post-conviction appeal was dismissed based on Petitioner's failure to comply with Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

Applying the principles of procedural default to this case, the Court finds that Petitioner's claims of ineffective assistance of appellate counsel, prosecutorial misconduct, and juror misconduct are procedurally barred as a result of Petitioner's failure to present the claims to the OCCA in a post-conviction appeal following the state district court's denial of his first application for post-conviction relief, or in a properly commenced post-conviction appeal from the state district court's denial of his "amended or supplemental" application for post-conviction relief. The OCCA's refusal

11

to consider the claims based on Rule 5.2(C) was an "independent" state ground because the bar resulted from Petitioner's failure to comply with state procedural rules and state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985.

The Court also finds that the bar imposed by the OCCA on Petitioner's claims, including his claim of ineffective assistance of appellate counsel, was based on state law grounds adequate to preclude federal review. Generally, when the underlying claim is ineffective assistance of counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). The unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding, along with the need to permit the petitioner to consult with separate counsel on appeal in order to obtain an objective assessment as to trial counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)). However, where the claim of ineffective assistance has been defaulted multiple times, as in the instant case, the state's procedural bar is adequate to preclude federal review. See Thomas v. Gibson, 218 F.3d 1213, 1221-1222 (10th Cir. 2000) (recognizing adequacy of procedural bar imposed on ineffective assistance of counsel claim not raised on initial post-conviction review); Medlock v. Ward, 200 F.3d 1314, 1323 (10th Cir. 2000); Moore v. Reynolds, 153 F.3d 1086, 1097 (10th Cir. 1998). In addition, the Tenth Circuit Court of Appeals has recognized the OCCA's reliance on Rule 5.2(C) for imposition of a procedural bar as an "adequate" ground. See Johnson v. Champion, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998).

Because of the procedural default of his claims in state court, this Court may not consider Petitioner's claims unless he is able to show cause and prejudice for the defaults, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In reply to Respondent's argument that his claims are procedurally barred, Petitioner claims that at the time he presented his post-conviction pleadings to the OCCA, he was being held in segregated housing and that prison officials confiscated his legal papers, thereby impeding his efforts to perfect a post-conviction appeal. See Dkt. # 18. He also complains that when he was transferred from one facility to another, his legal papers were not sent with him. See id. However, Petitioner fails to provide specific facts supporting his claim of interference by prison officials. For example, Petitioner provides no date for either his placement in segregated housing or his interfacility transfer. He also fails to indicate how the allegedly confiscated legal papers were essential to perfecting a timely post-conviction appeal. Although Petitioner indicates he has attached as Exhibit A to his reply certain documents filed in Tulsa County District Court, Case No. CF-2001-963, reflecting the difficulties he encountered, there is no Exhibit A as referenced by Petitioner.

See Dkt. # 18. Furthermore, the Court finds it significant that Petitioner defaulted his claims twice, first when he failed to commence a post-conviction appeal from the denial of his first application for post-conviction relief, and second, when he failed to comply with state procedural rules in perfecting his appeal from the denial of his "amended or supplemental application for post-conviction relief." Petitioner offers no explanation for his failure to appeal from the state district court's denial of his first application for post-conviction relief. As a result, the Court finds Petitioner's allegation that Department of Corrections officials confiscated his legal papers to be insufficient to constitute cause to overcome the procedural bar. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (requiring a petitioner to provide "specificity regarding the alleged lack of access [to legal materials] and the steps he took to diligently pursue his federal claim" to overcome procedural default based on a claim of limited access to legal materials).

Next, Petitioner argues that his default should be excused because a fundamental miscarriage of justice would result "considering that petitioner was prevented from being able to fully comply with state court rules by private prison staff." See Dkt. # 18. However, the fundamental miscarriage of justice exception to the doctrine of procedural bar is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Id. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Petitioner in this case does not a

claim of actual innocence as a reason for overcoming the procedural bar applicable to his claims raised in the original petition. Therefore, the Court finds that Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the procedural bar doctrine.

As a result of Petitioner's failure to demonstrate either "cause and prejudice" or that a fundamental miscarriage of justice would occur if his claims are not considered, this Court is procedurally barred from considering Petitioner's claims of ineffective assistance of appellate counsel, prosecutorial misconduct, and juror misconduct as asserted in the original petition.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. The petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion for return of property (Dkt. # 20) is **denied**.

2. Petitioner's motion to hear motions filed in state court (Dkt. # 26) is **denied**.

3. The petition for writ of habeas corpus (Dkt. # 1), as amended (Dkt. # 12), is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 25th day of August, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT